79D01-2110-CT-000164

Tippecanoe Superior Court 1

Filed: 10/15/2021 3:41 PM
Clerk
Tippecanoe County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN TIPPECANOE SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF TIPPECANOE | ) | CAUSE NO. |
| | | |
| CORY J. SUMMERS, as Personal Representative for the Estate of JAMES SUMMERS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CROSSROADS GALVANIZING, LLC, | ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL

Plaintiff, Cory J. Summers (hereinafter "Cory"), as Personal Representative for the Estate of James Summer (hereinafter "Summers Estate"), by counsel, for his Complaint against Defendant, Crossroads Galvanizing, LLC (hereinafter "Crossroads Galvanizing"), alleges and states as follows:

### PARTIES

1. On October 6, 2021, Cory was duly appointed by the Tippecanoe County Circuit Court, Probate Division, as Personal Representative of the Estate James Summers, under Cause No. 79C01-2110-EU-000297.

2. Cory is the biological son of the decedent, James Summers (hereinafter "James"). At all relevant times herein, Cory was, and continues to be a resident of Tippecanoe County, Indiana, residing at 3324 Old US Highway 231 South, Lafayette, Indiana 47909.

3. Pursuant to Indiana Code § 34-23-1 *et seq.*, Cory is entitled to maintain this action for the wrongful death of his father, James, as the court appointed Personal Representative of the Summers Estate.

4. At all relevant times herein, Crossroads Galvanizing is a Domestic Limited Liability Company incorporated in Indiana, with a principal place of business of 117 Broadway, Suite 100, Chesterton, Indiana 46304.

5. From the time James started employment with Crossroads Galvanizing to his death on March 10, 2020, James was an employee at Crossroads Galvanizing located at 4877 E. Old 350 South, Lafayette, Indiana 47905.

6. At the time of his death on March 10, 2020, James was a resident of Tippecanoe County, Indiana, residing at 3324 Old US Highway 231 South, Lafayette, Indiana 47909.

## FACTS

7. On March 10, 2020, James was an employee of Crossroads Galvanizing and was on-site.

8. While James was operating a crane, more specifically, Crane 1, a faulty hook on Crane 1 dropped its load and struck James.

9. When struck with the load dropped from Crane 1, James sustained serious bodily injury, causing death.

10. A subsequent inspection was performed by the Indiana Department of Labor at Crossroads Galvanizing from March 11, 2020 to March 23, 2020. The report for the inspection was issued on September 4, 2020.

11. The inspection yielded a serious violation occurred in the duty to complete inspections of the crane at specified intervals, exposing employees to be struck-by hazards of overhead cranes.

12. The inspection yielded a serious violation occurred of inspecting ropes once a month, exposing employees to be struck-by hazards of overhead cranes.

13. The inspection yielded a serious violation occurred when the load was not attached to the load block hook by means of slings or other approved devices, exposing employees to be struck-by hazards due to in-house fabricated lifting device/fixture not being certified/approved for load capacities prior to use.

14. The inspection concluded Crossroads Galvanizing knowingly "did not establish and maintain conditions of work which were reasonably safe and healthful for employees, and free from recognized hazards that were causing or likely to cause death or serious physical harm to employees in that employees were exposed to be struck-by hazards while operating overhead cranes." *See* Indiana Department of Labor Safety Order, attached hereto as **Exhibit A**.

## COUNT I: NEGLIGENCE

15. Plaintiff re-alleges paragraphs 1 through 14 of this *Complaint for Damages for Wrongful Death* and incorporates them by reference as though fully set forth herein.

16. Defendant had a duty to keep its employees safe and free of harm.

17. Defendant breached its duty when it subjected Summers to serious bodily injury or death with the faulty and poorly maintained crane hooks.

18. Defendant's actions were the actual cause of James' death.

19. Defendant's actions were the proximate cause of James' death.

20. The harm from Defendant's actions was serious bodily injury resulting in the death of James.

WHEREFORE, Plaintiff, Cory J. Summers, as Personal Representative for the Estate of James Summers, prays for judgment against Crossroads Galvanizing for the wrongful death of James Summers in an amount commensurate with the losses, damages, costs of this action, attorney fees, pre-judgment interest and for all other just and proper relief.

## COUNT II: INTENTIONAL TORT

21. Plaintiff re-alleges paragraphs 1 through 20 of this *Complaint for Damages for Wrongful Death* and incorporates them by reference as though fully set forth herein.

22. Crossroads Galvanizing intentionally did not establish and maintain conditions of work which were reasonably safe and healthful for employees, and free from recognized hazards that were causing or likely to cause death or serious physical harm to employees.

23. Employees were exposed to be struck-by hazards while operating overhead cranes.

24. Crossroads Galvanizing failed and refused to replace the faulty hook on Crane 1 despite knowing of its faulty condition.

25. Prior to and on March 10, 2020, Crossroads Galvanizing knew injury or death to an employee working with or around Crane 1 was substantially certain to follow from the conduct of Crossroad Galvanizing described above.

26. The decedent, James Summers, along with other employees at Crossroads Galvanizing were unaware of the totality of the risks he was exposed too.

27. James' death was thus the direct and proximate result of the intentional conduct of Crossroads Galvanizing.

28. Crossroads Galvanizing's acts were malicious, oppressive and reprehensible.

WHEREFORE, Plaintiff, Cory J. Summers, as Personal Representative for the Estate of James Summers, prays for judgment from and against Defendant, Crossroads Galvanizing, in a monetary amount that will sufficiently and adequately provide compensation for the damages set forth above and all damages available pursuant to the provisions of Ind. Code §§ 34-23-1-1 and 34-23-1-2, awarding Plaintiff the costs of this action, and for all other just and proper relief.

## JURY DEMAND

Plaintiff, Cory J. Summers, as Personal Representative for the Estate of James Summers, by counsel, pursuant to Trial Rule 38(B), demands a trial by jury of any issue triable of right by a jury.

Respectfully submitted:

RILEYCATE, LLC

*/s/ Matthew B. Keyes*
William N. Riley (#14941-49)
Matthew B. Keyes (#29315-49)
Sundeep Singh (#36591-29)
11 Municipal Drive, Suite 320
Fishers, Indiana 46038
Telephone: (317) 588-2866
Facsimile: (317) 458-1785
Email: wriley@rileycate.com
mkeyes@rileycate.com
ssingh@rileycate.com

# Indiana Department of Labor

Indiana Occupational Safety and Health Administration
402 West Washington St - Room W195
Indianapolis, IN  46204
Phone: (317)232-2691  FAX: (317)233-3790



## Safety Order and Notification of Penalty

**To:**
Crossroads Galvanizing
and its successors
4877 E Old 350 S
Lafayette, IN 47905

**Inspection Number:** 318121563
**CSHO ID:** N1141
**Optional Report No.:** 2297-20
**Inspection Date(s):** 3/11/2020 - 3/23/2020
**Issuance Date:** 9/4/2020

**Inspection Site:**
4877 E Old 350 S
Lafayette, IN 47905

*The violation(s) described in this Safety Order and Notification of Penalty is (are) alleged to have occurred on or about the day(s) the inspection was made unless otherwise indicated within the description given below.*

An inspection of your place of employment has revealed conditions which we believe do not comply with the provisions of the Indiana Occupational Safety and Health Act (Indiana Code Chapter 22-8-1.1) or the standards or rules adopted thereunder. Accordingly, enclosed please find safety order(s) and notification(s) of penalty describing such violation(s) with references to applicable standards, rules, or provisions of the statute and stating the amount of any penalty(ies).

**Informal Conference** - Please be advised that it may be possible to informally settle any potential dispute without initiating the more elaborate proceedings brought on by a petition for review. Prior to filing a petition for review, you may request an informal conference concerning any of the results of the inspection (safety orders, penalties, abatement dates, etc.) by contacting the Indiana Department of Labor/IOSHA, preferably by telephone, in a prompt manner. Please be advised that a request for an informal conference cannot extend the fifteen working day period for filing a petition for review. <u>Informal conferences frequently resolve any possible disputes, and therefore you are urged to take advantage of this opportunity. Because of the limited time period and in order to facilitate scheduling, any requests for an informal conference should be made promptly upon your receipt of the safety order(s) and notification(s) of penalty.</u>

**Right to Contest** - You are hereby also notified that you are entitled to seek administrative review of the safety order(s), penalty(ies), or both by filing a written petition for review at the above address postmarked within fifteen working days of your receipt of the safety order(s) and notification(s) of penalty. ("Working days" means Mondays through Fridays, but does not include Saturdays, Sundays, legal holidays under a state statute or days on which the Indiana Department of Labor's offices are closed during regular business hours). If you do not file such a petition for review (contest), the safety order(s)

---

Safety Order and Notification of Penalty        Page 1 of 13        OSHA-2 (Rev 1/14)

**EXHIBIT A**

and penalty(ies) shall be deemed final orders of the Board of Safety Review and not subject to review by any court or agency. The issuance of a safety order does not constitute a finding that a violation has occurred unless no petition for review is filed, or if a petition for review (contest) is filed, it must contain a statement of its basis and should reference the above inspection number. Upon receipt of your petition for review, we will affirm, amend or dismiss the safety order(s) and notification(s) of penalty. If we affirm, your petition for review will be granted (unless it was not timely) and the dispute will be certified by the Board of Safety Review for further proceedings. The Board of Safety Review is an independent agency appointed by the governor with authority to conduct hearings and to issue decisions concerning disputed safety order(s) and notification(s) of penalty. If we amend the safety order(s) or notification(s) of penalty, your petition for review shall be deemed moot. However, you will then be given an opportunity to file a petition for review concerning the amended safety order(s) and notification(s) of penalty.

Please be advised that an employee or representative of employees may file a petition for review to contest the reasonableness of the time stated in the safety order(s) for the abatement of any violation.

**Posting** - Upon receipt of any safety order(s) you are required to post such safety order(s), or a copy thereof, unedited, at or near each place an alleged violation referred to in the safety order(s) occurred. However, if your operations are such that it is not practicable to post the safety order(s) at or near each place of alleged violation, such safety order(s) shall be posted, unedited, in a prominent place where it will be readily observable by all affected employees. For example, if you are engaged in activities which are physically dispersed, the safety order(s) may be posted at the location from which the employees operate to carry out their activities. You must take steps to ensure that the safety order is not altered, defaced, or covered by other material. Posting shall be until the violation is abated, or for three working days, whichever is longer.

**Penalties** - Penalties are due within fifteen (15) working days of receipt of this notification unless contested. Abatement does not constitute payment of penalties.

**Abatement** - The conditions cited in the safety order(s) must be corrected (abated) on or before the date shown for each item on the safety order(s) and notification(s) of penalty and proof of abatement must be sent to the email address: AbatementGI@dol.in.gov unless:

    (1) You file a petition for review concerning the violation, in which case the full abatement period shall commence from the issuance of a final decision by the Board of Safety Review or the courts which requires compliance with the safety order; or

    (2) The abatement period is extended by the granting of a petition for modification of abatement date.

**PMAs** - The petition for modification of abatement date is a manner in which you may seek additional time to correct (abate) a violation without having to file a petition for review concerning the safety order, or after the expiration of the time period to file such a petition for review when it becomes apparent that you need extra time to abate the violation. A petition for modification of abatement date shall be in writing and shall be sent to the email address: AbatementGI@dol.in.gov shall include the following information:

(1) All steps you have taken, and the dates of such actions, in an effort to achieve compliance during the prescribed abatement period.

(2) The specific additional abatement time necessary in order to achieve compliance.

(3) The reasons such additional time is necessary, including the unavailability of professional or technical personnel or of materials and equipment, or because necessary construction or alteration of facilities cannot be completed by the original abatement date.

(4) All available interim steps being taken to safeguard employees against the cited hazard during the abatement period.

(5) A certification that a copy of the petition has been posted, and if appropriate, served on the authorized representative of affected employees, and a certification of the date upon which such posting and service was made.

A petition for modification of abatement date shall be filed with the Indiana Department of Labor/IOSHA no later than the close of the next working day following the date on which abatement was originally required sending the Petition to AbatementGI@dol.in.gov. A later-filed petition shall be accompanied by the employer's statement of exceptional circumstances explaining the delay. A copy of such petition shall be posted in a conspicuous place where all affected employees will have notice thereof or near such location where the violation occurred. The petition shall remain posted until the time period for the filing of a petition for review of the Commissioner's granting or denying the petition expires. Where affected employees are represented by an authorized representative, said representative shall be served a copy of such petition.

**Notification of Corrective Action** - Correction of the alleged violations which have an abatement period of thirty (30) days or less should be reported in writing to us promptly upon correction and sent to the email address AbatementGI@dol.in.gov. A "Letter of Abatement" form and an "Abatement Photographs" worksheet are enclosed for your assistance in providing adequate documentation of abatement. Reports of corrections should show specific corrective action on each alleged violation and the date of such action. On alleged violations with abatement periods of more than thirty (30) days, a written progress report should be submitted via email at AbatementGI@dol.in.gov, detailing what has been done, what remains to be done, and the time needed to fully abate each such violation. When the alleged violation is fully abated, we should be so advised. Timely correction of an alleged violation does not affect the initial proposed penalty..

**Followup Inspections** - Please be advised that a followup inspection may be made for the purpose of ascertaining that you have posted the safety order(s) and corrected the alleged violations. Failure to correct an alleged violation may result in additional penalties for each day that the violation has not been corrected.

**Employer Discrimination Unlawful** - The law prohibits discrimination by an employer against an employee for filing a complaint or for exercising any rights under this Act. An employee who believes that he/she has been discriminated against may file a complaint no later than 30 days after the discrimination occurred with the Indiana Department of Labor/IOSHA at the address shown above.

**Notice to Employees** - The law gives an employee or his/her representative the opportunity to object to any abatement date set for a violation if he/she believes the date to be unreasonable. The contest must be mailed to the Indiana Department of Labor/IOSHA at the address shown above within fifteen (15) working days (excluding weekends and State holidays) or receipt by the employer of this safety order and penalty.

If you wish additional information, you may direct such requests to us at the address or telephone number stated above.

**Indiana Department of Labor**

## NOTICE TO EMPLOYEES OF INFORMAL CONFERENCE

An informal conference has been scheduled with IOSHA to discuss the safety order(s) issued on 9/4/2020. The conference will be held at the IOSHA office located at 402 West Washington Street, Room W195, Indianapolis, IN 46204 on _____ at _____. Employees and/or representatives of employees have a right to attend an informal conference.

**Indiana Department of Labor**
Occupational Safety and Health Administration

**Inspection Number:** 318121563
**Inspection Date(s):** 3/11/2020 - 3/23/2020
**Issuance Date:** 9/4/2020
**CSHO ID:** N1141
**Optional Report No.:** 2297-20

## Safety Order and Notification of Penalty

**Company Name:** Crossroads Galvanizing
**Inspection Site:** 4877 E Old 350 S, Lafayette, IN 47905

---

**Safety Order 01 Item 001**         Type of Violation: **Serious**

29 CFR 1910.133(a)(1): The employer did not ensure that each affected employee uses appropriate eye or face protection when exposed to eye or face hazards from flying particles, molten metal, liquid chemicals, acids or caustic liquids, chemical gases or vapors, or potentially injurious light radiation:

Facility – Employees working at the dip tanks were exposed to chemical burns from hazardous chemicals such as, but not limited to, sodium hydroxide while not wearing appropriate eye or face protection to protect from the hazardous chemicals.

| | |
|---|---|
| **Date By Which Violation Must Be Abated:** | 10/8/2020 |
| **Proposed Penalty:** | $7,000.00 |

**Indiana Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 318121563
Inspection Date(s): 3/11/2020 - 3/23/2020
Issuance Date: 9/4/2020
CSHO ID: N1141
Optional Report No.: 2297-20

**Safety Order and Notification of Penalty**

**Company Name:** Crossroads Galvanizing
**Inspection Site:** 4877 E Old 350 S, Lafayette, IN 47905

---

**Safety Order 01 Item 002**    Type of Violation: **Serious**

29 CFR 1910.145(f)(5): Danger tags were not used where an immediate hazard presented a threat of death or serious injury to employees:

Facility - Deshazo crane 1 employees were exposed to struck-by hazards due to the pendent controller not having required labeling affixed.

**Date By Which Violation Must Be Abated:**    **Corrected During Inspection**
**Proposed Penalty:**    $7,000.00

**Indiana Department of Labor**
Occupational Safety and Health Administration

**Inspection Number:** 318121563
**Inspection Date(s):** 3/11/2020 - 3/23/2020
**Issuance Date:** 9/4/2020
**CSHO ID:** N1141
**Optional Report No.:** 2297-20

### Safety Order and Notification of Penalty

**Company Name:** Crossroads Galvanizing
**Inspection Site:** 4877 E Old 350 S, Lafayette, IN 47905

---

The alleged violations below have been grouped because they involve similar or related hazards that may increase the potential for injury or illness.

**Safety Order 01 Item 003a**    Type of Violation: **Serious**

29 CFR 1910.179(j)(3): Complete inspections of the crane was not being performed at intervals as generally defined in paragraph (j)(1)(ii)(b) of this section:

Facility – Employees were exposed to struck-by hazards of overhead cranes due to periodic and annual crane inspections not being conducted.

    **Date By Which Violation Must Be Abated:**    10/8/2020
    **Proposed Penalty:**    $7,000.00

**Indiana Department of Labor**

Occupational Safety and Health Administration

| | |
|---|---|
| **Inspection Number:** | 318121563 |
| **Inspection Date(s):** | 3/11/2020 - 3/23/2020 |
| **Issuance Date:** | 9/4/2020 |
| **CSHO ID:** | N1141 |
| **Optional Report No.:** | 2297-20 |

## Safety Order and Notification of Penalty

**Company Name:** Crossroads Galvanizing
**Inspection Site:** 4877 E Old 350 S, Lafayette, IN 47905

---

**Safety Order 01 Item 003b**         Type of Violation: **Serious**

29 CFR 1910.179(m)(1): A thorough inspection of all ropes were not being made at least once a month:

Facility – Employees were exposed to struck-by hazards of overhead cranes due to rope inspections not being conducted.

**Date By Which Violation Must Be Abated:**     10/8/2020
**Proposed Penalty:**                            $0.00

**Indiana Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 318121563
Inspection Date(s): 3/11/2020 - 3/23/2020
Issuance Date: 9/4/2020
CSHO ID: N1141
Optional Report No.: 2297-20

## Safety Order and Notification of Penalty

**Company Name:** Crossroads Galvanizing
**Inspection Site:** 4877 E Old 350 S, Lafayette, IN 47905

---

**Safety Order 01 Item 004**       Type of Violation: **Serious**

29 CFR 1910.179(n)(2)(ii): The load was not attached to the load block hook by means of slings or other approved devices:

Facility - Employees were exposed to struck-by hazards due to in-house fabricated lifting device/fixture not being certified/approved for load capacities prior to use.

      **Date By Which Violation Must Be Abated:**      10/8/2020
      **Proposed Penalty:**      $7,000.00

**Indiana Department of Labor**
Occupational Safety and Health Administration

Inspection Number: 318121563
Inspection Date(s): 3/11/2020 - 3/23/2020
Issuance Date: 9/4/2020
CSHO ID: N1141
Optional Report No.: 2297-20

## Safety Order and Notification of Penalty

**Company Name:** Crossroads Galvanizing
**Inspection Site:** 4877 E Old 350 S, Lafayette, IN 47905

---

**Safety Order 01 Item 005**   Type of Violation: **Serious**

29 CFR 1910.303(b)(2): Listed or labeled electrical equipment was not used or installed in accordance with instructions included in the listing or labeling:

Final quality department - Employees were exposed to fire and electrical hazards due to an extension cord which was attached in series.

Date By Which Violation Must Be Abated:   Corrected During Inspection
Proposed Penalty:   $7,000.00

**Indiana Department of Labor**
Occupational Safety and Health Administration

**Inspection Number:** 318121563
**Inspection Date(s):** 3/11/2020 - 3/23/2020
**Issuance Date:** 9/4/2020
**CSHO ID:** N1141
**Optional Report No.:** 2297-20

**Safety Order and Notification of Penalty**

**Company Name:** Crossroads Galvanizing
**Inspection Site:** 4877 E Old 350 S, Lafayette, IN 47905

---

**Safety Order 01 Item 006**     Type of Violation: **Serious**

29 CFR 1910.334(a)(2)(i): Portable cord and plug connected equipment and flexible cord sets (extension cords) were not visually inspected before use on any shift for external defects (such as loose parts, deformed and missing pins, or damage to outer jacket or insulation) and for evidence of possible internal damage (such as pinched or crushed outer jacket):

Final quality department - Employees were exposed to electrical hazards due to cords not being inspected for damage prior to use.

**Date By Which Violation Must Be Abated:**     **Corrected During Inspection**
**Proposed Penalty:**     $7,000.00

# Indiana Department of Labor

Occupational Safety and Health Administration

**Inspection Number:** 318121563
**Inspection Date(s):** 3/11/2020 - 3/23/2020
**Issuance Date:** 9/4/2020
**CSHO ID:** N1141
**Optional Report No.:** 2297-20

## Safety Order and Notification of Penalty

**Company Name:** Crossroads Galvanizing
**Inspection Site:** 4877 E Old 350 S, Lafayette, IN 47905

---

**Safety Order 02 Item 001**        Type of Violation: **Knowing**

IC 22-8-1.1 Section 2: The employer did not establish and maintain conditions of work which were reasonably safe and healthful for employees, and free from recognized hazards that were causing or likely to cause death or serious physical harm to employees in that employees were exposed to struck by hazards while operating overhead cranes:

a) Facility - Deshazo crane #1 employees were exposed to struck-by hazards due to operating the crane with a bypassed safety latch on the crane hook.

AMONG OTHER METHODS, FEASIBLE MEANS OF ABATEMENT MAY INCLUDE:
Maintaining functional safety latches on the hooks as required by ANSI B30.16-2007 section 16-1.2.9, which states that hooks shall be equipped with latches unless use of the latch creates a hazardous condition. When required, a latch shall be provided to bridge the throat opening of the hook and retain, under slack conditions, such items as, but not limited to, slings and chains.

b) Facility - Deshazo crane #2 employees were exposed to struck-by hazards due to operating the crane with a missing safety latch on the crane hook.

AMONG OTHER METHODS, FEASIBLE MEANS OF ABATEMENT MAY INCLUDE:
Maintaining functional safety latches on the hooks as required by ANSI B30.16-2007 section 16-1.2.9, which states that hooks shall be equipped with latches unless use of the latch creates a hazardous condition. When required, a latch shall be provided to bridge the throat opening of the hook and retain, under slack conditions, such items as, but not limited to, slings and chains.

**Date By Which Violation Must Be Abated:**   10/8/2020
**Proposed Penalty:**                         $132,598.00

*Julie C. Alexander, JD*
Director of General Industry

---